FILED

2013 Nov-19  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JOHN GARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:12-CV-618-VEH** |
| | ) |
| **TALLADEGA COUNTY DRUG** | ) |
| **AND VIOLENT CRIME TASK** | ) |
| **FORCE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

This is a civil action filed by the plaintiff, John Garrett, against the defendants, the Talladega County Drug and Violent Crime Task Force ("Task Force") and Jim Pritchett. The complaint alleges, against the Task Force only, a claim for violation of 42 U.S.C. § 1983 (Count One), and, against both the Task Force and Jim Pritchett, Alabama state law claims of conversion (Count Two) and replevin (Count Three). (Doc. 1). All counts arise out of the seizure by the Task Force of the plaintiff's vehicle and subsequent sale of that vehicle to Jim Pritchett.

This case comes before the court on the Task Force's motion to dismiss or, in the alternative, for summary judgment. (Doc. 37). For the reasons stated herein, the motion will be **GRANTED**. Further, the court will decline to exercise supplemental

jurisdiction over the remaining state law claims and the case will be **DISMISSED**.

## I.       STANDARD

The motion does not actually state under which rule it is brought.  In this case, the standard the court uses changes depending upon the defendant's argument being considered.

### A.       <u>The Rule 12(b)(6) and Rule 56 Analysis</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  That rule applies to the defendant's claim that it is not an entity which can be sued under 42 U.S.C. § 1983.  However, both parties have submitted evidence on the motion. (Docs. 37-1, 39).  In such a situation, the rules provide:

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  The motion was filed on September 9, 2013.  (Doc. 37).  All parties have now been given a reasonable opportunity to present all material that is pertinent to the motion.[1]  Accordingly, as to the argument that the defendant is not an

---

[1] Pursuant to this court's uniform initial order, the response to the motion was due within 14 days, if the motion is treated as a motion to dismiss (doc. 2 at 22), or within 21 days, if the motion is treated as a motion for summary judgment (doc. 2 at 13).  For motions to dismiss, reply

entity which can be sued under 42 U.S.C. § 1983, the motion is converted to a motion for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted).  The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

---

briefs are due within 7 days after the due date of the response brief.  (Doc. 2 at 22).  For motions for summary judgment, reply briefs are due within 14 days.  (Doc. 2 at 13).  Under all possibly applicable time frames, the motion is now under submission.

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

## B. The Rule 12(b)(1) Analysis

The motion also contains an Eleventh Amendment immunity argument. Eleventh Amendment immunity is a jurisdictional issue. *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (holding that the Eleventh Amendment immunity defense "partakes of the nature of a jurisdictional bar" sufficient that it may be raised for the first time on appeal). This court has found that an Eleventh Amendment immunity argument is generally more properly made under Rule 12(b)(1), where, as here, the argument "does not implicate the merits." *Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1231 (N.D. Ala. 2012)

4

(Hopkins, J.) (*citing Thomas v. U.S. Postal Service*, 364 Fed.Appx. 600, 601 (11th Cir.2010)).  As this court has noted:

A motion to dismiss based on lack of subject-matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161. Lack of subject-matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Id.* Because the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction, the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming,* 281 F.3d at 161 (citing *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995) and *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)).

Attacks on subject-matter jurisdiction take two forms: (1) facial attacks, and (2) factual attacks. *Scarfo v. Ginsberg,* 175 F.3d 957, 960 (11th Cir.1999) (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)). Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence,* 919 F.2d at 1529 (quoting *Menchaca,* 613 F.2d at 511). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (same).

If a defendant makes a factual attack upon the court's subject matter jurisdiction, submitting evidentiary materials, the plaintiff is "also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981).

> "[A] plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir.2000) (quoting *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991)). "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Morrison,* 228 F.3d at 1273 (quoting *Majd–Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir.1984)).

*Harris*, 846 F. Supp. 2d at 1232.

The court treats the instant motion as a factual attack on its jurisdiction, since the defendant provides evidence that it is an agent of the state and argues that it is therefore immune from suit under the Eleventh Amendment. As shown above, the plaintiff has had ample opportunity to submit evidence in response to the motion, and has done so.

## II.   FACTS

The plaintiff has submitted his uncontested affidavit, which states:

2.   I purchased one 1990 Dodge Ram Wagon Van VIN# 2B4HB25YOLK773607, (hereinafter referred to as Dodge Van).

3.   During the month of February 2010 the Plaintiff allowed Mr. Patrick Cross to repair the . . . vehicle at an auto repair shop owned and operated by Mr. Larry Swain.

4.   The van was seized by the Defendant Talladega County Drug and Violent Crime Task Force during an arrest which occurred at Mr. Swain's auto repair shop.

6

5.      I remained without transportation for a significant period.  I have
during the month of August 2013 purchased a vehicle to replace
the Dodge Van.

6.      I was never given notice of the taking of my van by the
Defendant.

7.      The Dodge Van has not been returned to me and I am by the
complaint filed in the instant case seeking equitable relief in the
form of the return of my personal property, to wit: my Dodge
Van.

(Doc. 39 at 1-2).

The defendant submits the undisputed affidavit of Jason Murray, the

Commander of the Task Force.  (Doc. 37-1 at 1).  Murray states:

2.      I am the Commander of the [Task Force] and have been the
commander of the [Task Force] at all times relevant to this case. As the
commander of the [Task Force], I am a state employee employed by the
District Attorney of Talladega County, Alabama.

3.      Talladega County's District Attorney is [the Task Force's]
governing head. He is my immediate supervisor who I answer to directly
on a day-to-day basis.

4.      The [Task Force] was created by the District Attorney's Office
and participating municipal and county governmental bodies around
2002. It is governed by a Board of Directors.

5.      The district attorney, who as noted above is the head of the [Task
Force], is also the chairman of the [Task Force's] Board of Directors.
The Board of Directors is also made up of the Chief Deputy district
attorney of Talledega County; the Talledega County Sheriff; and Police
Chiefs from municipal law enforcement departments.

6.      The [Task Force] is a multi-jurisdictional team of APOST certified law enforcement officers who work to address criminal activity – particularly drug-related crime – in the Talladega County area. All law enforcement members of the Talledega County task force are sworn in by the district attorney, as agents of the [Task Force] with full law enforcement authority.

7.      The [Task Force] is made up of several employees of the District Attorney's office, including, but not limited to, agents and me, as the Commander of the Task Force.  Other members of the [Task Force] include a deputy sheriff and officers from participating police departments.

8.      The [Task Force] is funded through a grant disbursed through the Alabama Department of Economic and Community Affairs ("ADECA"). It is also funded through appropriations from area municipalities and the county. In addition, the [Task Force] operations are funded by forfeitures as directed and approved by Court Order.

(Doc. 37-1 at 1-4).

## III.   ANALYSIS

### A.   <u>Eleventh Amendment Immunity</u>

The Task Force seeks dismissal pursuant to the Eleventh Amendment of the

United States Constitution.  (Doc. 37, at 5-7).  The Eleventh Amendment provides

that

[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.  "[A]n unconsenting[2] State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) (internal citations omitted).  A state's Eleventh Amendment immunity also extends to statewide agencies.  *Id.*  The immunity applies to <u>both</u> federal and state claims.  *See, Pennhurst*, 465 U.S. at 106[3]; *Young v. Hosemann*, 598 F.3d 184, 189 (5th Cir. 2010) (citing *Pennhurst*); *Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir. 1997) ("Kostok's state law claim is barred by the Eleventh Amendment because such a claim cannot be brought against a state even when it has been appended to a federal Constitutional claim."); *Gamboa v. Rubin*, 80 F.3d 1338, 1350 *opinion vacated on other grounds on reh'g en banc sub nom. Gamboa v. Chandler*, 101 F.3d 90 (9th Cir. 1996) ("The Eleventh Amendment, as interpreted, generally acts to bar plaintiffs from suing state governments in federal court for violations of state law.") (*citing*

---

[2]No argument has been made that the state has consented to suit.  Indeed, Article I, § 14 of the Alabama Constitution provides generally that: "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.  This constitutional provision "has been described as a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit in any court." *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006).  Additionally, under § 14, state agencies are "absolutely immune from suit." *Lyons v. River Road Constr., Inc*., 858 So. 2d 257, 261 (Ala. 2003).

[3]The *Pennhurst* case, at this page, explains that a federal court lacks the authority to grant relief of any kind against a state official based on a violation of state law.  As shown in other citations that follow, however, *Pennhurst* is regularly cited for the proposition that the "state" itself is also entitled to Eleventh Amendment immunity for state law claims brought in federal court against it.

*Pennhurst*);  *Atl. States Legal Found. v. Babbit*, 83 F. Supp. 2d 344, 346-47 (N.D.N.Y. 2000) ("[A]bsent waiver, the Eleventh Amendment also bars suit against state defendants for violations of state law—even if supplemental or pendent jurisdiction exists."); *Rainey v. Wayne State Univ.*, 26 F. Supp. 2d 973, 976 (E.D. Mich. 1998) ("When a state instrumentality or official is sued in federal court for a violation of state law, the Eleventh Amendment acts as a jurisdictional bar to suit."). Finally, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121 (footnotes omitted).

A court faced with a claim of Eleventh Amendment immunity must first determine whether the plaintiff is suing the state. This often involves deciding whether the entity raising the defense can be considered an "agency or instrumentality" of the state.  State law guides this determination. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981).

In this case, the evidence clearly shows that the Task Force is created by, and controlled by, the office of the Talladega County District Attorney.  It is a subdivision of that office.  All District Attorney's offices are deemed to be agencies of the State

of Alabama. *Hooks v. Hitt,* 539 So.2d 157, 159 (Ala.1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state") (citing Ala. Code § 12–7–182 (1975)); *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 790, 117 S.Ct. 1734, 1739, 138 L.Ed.2d 1 (1997) (citing *Hooks* and observing that an Alabama district attorney is a state official). Accordingly Eleventh Amendment immunity applies to deprive this court of jurisdiction over the claims against the Task Force.

The plaintiff actually states that he "concedes that the State law immunity bars the [p]laintiff from monetary recovery[, but he] does not concede immunity concerning equitable relief sought." (Doc. 38 at 2) (emphasis added).[4] "Under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there is a long and well-recognized exception to [Eleventh Amendment immunity] for suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) (emphasis

---

[4]The use of the phrase "state law immunity" seems at first glance to be a reference to the Alabama Constitution's immunity provision found at Article I, § 14. However, the plaintiff cites to *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), which discusses an exception to Eleventh Amendment immunity. Because Eleventh Amendment immunity applies to both the state and federal law claims, and the court has already found that it would apply in this case, there is no need to address state sovereign immunity, or any exceptions thereto. Accordingly, the court will examine only the *Young* exception to Eleventh Amendment immunity.

11

added).  "This doctrine has . . . been described as a legal 'fiction' because it creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and, hence, without immunity protection, when they enforce state laws in derogation of the Constitution."  *Summit Med. Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th Cir. 1999); *see also, Scott v. Taylor,* 405 F.3d 1251, 1255 (11th Cir. 2005) (*"Young* held that official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment.") (emphasis added).  "In such cases, it is the individual and not the state which is being sued, and when a state official acts unconstitutionally, he is stripped of his official or representative character and Eleventh Amendment protection." *Williams v. Ala. State Univ.*, 865 F. Supp. 789, 792 (M.D. Ala. 1994) (emphasis added) (citing *Ex parte Young*, 209 U.S. at 159–60), *rev'd on other grounds*, 102 F.3d 1179 (11th Cir. 1997).

First, the *Young* exception does not apply to the plaintiff's state law claims. *Pennhurst*, 465 U.S. at 106 ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. . . . We conclude that *Young* . . . [is] inapplicable in a suit against state officials on the basis of state law.").

Next, as to all of the plaintiff's claims (whether brought under Alabama or

12

federal law), the exception does not apply because the instant case does not involve an "official capacity" suit, but rather a suit directly against the state itself (the Task Force as an agency of the district attorney). The Eleventh Amendment bars such suits, whether they be for money damages or injunctive relief. *See, id.* at 101-02 ("And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.").

In *Williams*, Judge Albritton found that the Board of Trustees of Alabama State University was immunized by Eleventh Amendment immunity even against the plaintiff's claims for prospective injunctive relief. *Williams*, 865 F. Supp. at 793. In that case, the plaintiff sued the Board of Trustees (a state agency) as an entity without naming the individual members of the Board in their official capacities. In dismissing the Board of Trustees, the court stated:

> The Eleventh Circuit has repeatedly held that even though the Eleventh Amendment does not bar suits against state officials in their official capacities for injunctive relief, the Eleventh Amendment does bar suits against the state entity of which the state official is employed. *See, e.g., Stevens v. Gay*, 864 F.2d 113, 114–15 (11th Cir. 1989) (Eleventh Amendment bars suits against a State and its Board of Corrections even though officials of the Board could have been sued for prospective injunctive relief.); *United States v. State of Alabama*, 791 F.2d 1450, 1457 (11th Cir. 1986) (Eleventh Amendment barred suit against the State Board of Education, but not against the individual members).

*Id.* Consistent with this approach, and the Supreme Court's statement in *Pennhurst*, the court concludes that the Eleventh Amendment serves to immunize the Task Force from the plaintiff's claims, even to the extent they may arguably seek a form of prospective injunctive relief.

### B.   The Task Force Is Not a Legal Entity Subject to Suit Under Section 1983

Further, the section 1983 claims are also due to be dismissed because the Task Force is not a legal entity subject to suit under 42 U.S.C. § 1983.  The defendant notes that "[u]nder Alabama law, it is well settled that neither a district attorney's office; a sheriff's department; nor a police department is a legal entity subject to suit or liability under §1983."  (Doc. 37 at 4) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983")*; Harris v. Elmore County D.A. Office*, No. 2:13–CV–41–TMH, 2013 WL 1084294 at *1 (M.D. Ala Jan. 30, 2013) (neither the Elmore County District Attorney's Office nor the Elmore County Sheriff Department are legal entities subject to suit under 42 U.S.C. § 1983); *Russell v. Mobile County, Sheriff*, 2000 WL 1848470 at *3 (S.D. Ala. Nov. 20, 2000)(the "Mobile County Jail Medical Staff is a subdivision of the sheriff's department and is not a legal entity that is subject to being sued")).  As an agency of

14

the Talladega County District Attorney, the Task Force "is not a legal entity subject to being sued" under 42 U.S.C. § 1983.  *Russell*, 2000 WL 1848470 at *3. Accordingly, the section 1983 claims are due to be dismissed for this alternative reason as well.

### C.    The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims

As noted above, this case has been brought against both the Task Force and Jim Pritchett.  The only claim over which this court had original jurisdiction is the section 1983 claim against the Task Force.  The remaining Alabama state law claims of conversion (Count Two) and replevin (Count Three), brought against the Task Force and Jim Pritchett, are before the court on the basis of this court's supplemental jurisdiction under 28 U.S.C. § 1367(a).  That title also provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  This court has already held that the state law claims against the Task Force are barred by Eleventh Amendment immunity. However, even if they were not, upon dismissal of the section 1983 claims against the Task Force, the court can, and does, decline to exercise its supplemental jurisdiction over the remaining state law claims.

## IV.   CONCLUSION

For the reasons stated herein, the defendant's motion will be **GRANTED** by separate order.  Further, as the court declines to exercise supplemental jurisdiction over plaintiff's remaining claims (conversion and replevin) against the sole remaining defendant, Jim Pritchett, the court will dismiss those claims, without prejudice.[5]

**DONE** and **ORDERED** this 19th day of November, 2013.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5]The court's decision to decline supplemental jurisdiction over these claims will not adversely effect the time the plaintiff has to file them in state court.  Title 28 U.S.C. § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C.A. § 1367(d).  The Alabama Supreme Court has noted that "[u]nder 28 U.S.C. § 1367(d), the statute of limitations for state-law claims is tolled . . . when a party seeks to refile in the state court the same state-law claims the party asserted in the federal court." *Rester v. McWane, Inc.*, 962 So. 2d 183, 186 (Ala. 2007).